UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MR. CLAYTON-M. BERNARD-EX,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　　　　Defendant. | Case No.: 2:24-cv-02218-GMN-NJK<br><br>**ORDER ADOPTING R&R AND DENYING MOTION TO STAY CASE** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 5), from United States Magistrate Judge Nancy J. Koppe, which recommends denying Plaintiff's application to proceed *in forma pauperis*.

Also pending before the Court is Plaintiff's Motion to Stay Case, (ECF No. 8), which seeks an order staying this case because Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

For the reasons explained below, the Court **ACCEPTS and ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion to Stay the Case.

**A. Report and Recommendation**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. L. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. L. R. IB 3-2(b).

1  Plaintiff filed a timely objection to the Magistrate Judge's R&R. (Objection, ECF No.
2  6). The Court will therefore make a *de novo* determination as to whether Plaintiff's *in forma*
3  *pauperis* application should be granted. The Court may authorize the commencement of an
4  action without prepayment of fees and costs, or security therefor, by a person who has shown
5  an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff
6  has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v.*
7  *Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), adopted, 2014 U.S. Dist.
8  Lexis 93234 (D. Nev. July 9, 2014). While an applicant need not be absolutely destitute to
9  qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those
10 costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*,
11 335 U.S. 331, 339 (1948).

12  Here, Plaintiff's application identified an average monthly self-employment income
13 $4,601.50 per month. (Application to proceed *in forma pauperis* ("IFP Application") at 2, ECF
14 No. 1). The Magistrate Judge correctly identified that such a monthly income is both above the
15 federal poverty line for a family of five, and above the amount for which courts in this district
16 have regularly denied *in forma pauperis* status. (R&R 1:23–2:5, ECF No. 5). Further, Plaintiff
17 stated in his application that his home is valued at $388,300 with no mortgage payment. (IFP
18 Application at 3). In his Objection, Plaintiff only makes general allegations that the property is
19 "encumbered by liens and other financial obligations, making the equity unavailable to pay
20 court fees." (Objection to R&R at 3, ECF No. 5). But Plaintiff does not provide any specific
21 information in his Objection to demonstrate an inability to pay the filing fee while still
22 providing for the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331,
23 339 (1948). Accordingly, he has failed to establish that he cannot afford to pay the $405 filing
24 fee. The Court therefore accepts in full the recommendations made by the Magistrate Judge
25 and adopts the Report and Recommendation.

1  **B. Motion to Stay Case**

2  Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States
3  Bankruptcy Code. Under Section 362 of the Bankruptcy Code, the filing of a bankruptcy
4  petition automatically imposes a stay that prohibits all creditors and interested parties from
5  initiating or continuing any judicial, administrative, or other proceedings against the debtor.
6  This case is not an action against the debtor; thus, the pending bankruptcy case does not impose
7  an automatic stay on this case.

8  Accordingly,

9  **IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 5), is
10  **ACCEPTED and ADOPTED** in full.

11  **IT IS FURTHER ORDERED** that the Motion to Stay Case, (ECF No. 8), is **DENIED.**

12  Dated this __8__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court